## THE SUMANCO.

(District Court, D. Oregon. March 2, 1925.)

No. A–9455.

Admiralty ⬌18—Suit for injury to logs in a boom held not within the admiralty jurisdiction.

Injury to logs stored in a boom in a navigable stream, adjacent to shore at a manufacturing plant, is not a maritime injury, within the admiralty jurisdiction.

In Admiralty. Suit by the Portland Manufacturing Company against the steamship Sumanco; the Submarine Boat Corporation, claimant. On exception to libel. Exception sustained.

Perkins & Bailey, of Portland, Or., for libelant.

Erskine Wood and Gunther F. Krause, both of Portland, Or., for claimant.

WOLVERTON, District Judge. The amendment to the libel in the case at bar shows that libelant caused to be towed, from points on the Columbia river, rafts of commercial saw and veneer logs, and stored the same within its logging boom in the Willamette river, adjacent to and in close proximity to its plant. It is complained that the steamship Sumanco, while lying in close proximity to the Port of Portland dry docks, emptied and carelessly allowed to escape from its tanks into the Willamette river large quantities of crude oil, which was carried by the current down and onto the logs of libelant, and damaged the logs for manufacturing and commercial use. Libelant seeks judgment for the injury sustained.

Respondent excepts ·to the libel, for the reason that it does not state a cause of suit cognizable in admiralty. The sole question for decision is whether the logs held in the boom, as the libel shows that they were, may be regarded in maritime parlance as a maritime agency and situated in a maritime locality.

That they were at the time lying in a navigable stream, where the tide ebbs and flows, is beyond question. They were not, however, in process of navigation, or being transported by navigable agencies, as a raft of logs is towed in navigable waters. They had passed beyond that stage, and had come to rest by being stowed in a boom, convenient for use for manufacturing into lumber or veneer commodities. The logs having assumed that status, the structure in which they were confined is such as is adjacent to land, as a wharf or building erected thereon would be. An injury to such structure, or to the commodity contained within it, would not constitute a maritime injury, which could be redressed in a court of admiralty. The Brig City of Erie v. Canfield, 27 Mich. 479, 483.

The case of The Mackinaw (D. C.) 165 F. 351, and other cases of like nature are inapplicable.

Exception sustained.